## TERRITORY OF HAWAII *v.* J. T. McDONALD.

APPEAL FROM DISTRICT COURT, HONOLULU.

ARGUED MARCH 6, 1906.          DECIDED MARCH 8, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

PHYSICIANS AND SURGEONS—*statute requiring annual fee held void.*

> That portion of Act 48 of the Session Laws of 1905, which act amends the first paragraph of Section 1068 of the Revised Laws, providing that "no license shall be granted under the provisions of this section unless the applicant shall pay an annual fee of $10," is invalid and void on the ground that it discriminates between the holders of licenses under the amending act and the holders of licenses issued prior thereto.

OPINION OF THE COURT BY WILDER, J.

This is an appeal on points of law from the district court of Honolulu. Defendant was charged with violating Section 1068 of the Revised Laws, as amended by Act 48 of the Session Laws of 1905, for that he did at Honolulu during one month prior to October 6, 1905, practice medicine and surgery without having first obtained from the treasurer of the Territory of Hawaii a license so to do. Defendant was found guilty and appealed to this court. It appeared that he was practicing as a physician and surgeon on September 27, 1905, and prior thereto, and had taken out a license in 1900 and paid the fee of $10 required by an applicant for such a license.

Defendant's points of law may be summarized as follows: (1) That the statute alleged to have been violated is invalid (a) in that it contravenes the constitutional guaranty of equal protection of the laws, and (b) in that it contravenes the constitutional prohibition against deprivation of liberty or property without due process of law, and (2) that the statute has no application to this defendant.

Defendant's point of law that the judgment of the district court was contrary to the law and the evidence was expressly abandoned in this court, and it was agreed by the parties that the charge should be regarded as practicing medicine without having paid the fee of $10 required by Act 48 of the Session Laws of 1905, and we so regard it in this opinion.

Section 1068 of the Revised Laws prior to being amended read as follows:

"No person shall practice medicine or surgery as a profession in the Territory of Hawaii, either gratuitously or for pay, or shall offer to so practice, or shall advertise or announce himself, either publicly or privately, as prepared or qualified to so practice, without having first obtained from the treasurer under seal of his department, a license in form and manner substantially as in this chapter set forth. Such license shall be granted only upon the written recommendation of the board of health.

"All licenses to practice medicine or surgery granted by the minister of the interior upon the recommendation of the board of health, and in force on June 8, 1896, shall remain in force, subject to the provisions of this chapter."

The first paragraph of that section was amended by Act 48 of the Session Laws of 1905, as follows:

"No person shall practice medicine or surgery in the Territory of Hawaii either gratuitously or for pay, or shall offer to so practice, or shall advertise or announce himself, either publicly or privately, as prepared or qualified to so practice, without having first obtained from the Treasurer, under the seal of his Department, a license in form and manner substantially as hereinafter set forth. Such license shall only be granted upon the written recommendation of the Board of Health, provided, however, that licenses to practice Osteopathy may be granted to graduates holding diplomas from any legally chartered and regularly conducted School or College of Osteopathy, and further provided that a Certificate to practice Osteopathy has first been obtained from the State Board of Osteopathic Examiners of the State of California, until such time as there is an Osteopathic Board of Examiners appointed for the Territory of Hawaii.

"And provided further, that the practice of medicine as contemplated and set forth in this Act shall not be construed to exclude the use of any method or means or any agent either

tangible or intangible by any person licensed to practice Osteopathy, for the treatment of disease in the human subject, provided that no person so licensed to practice Osteopathy shall, by reason thereof, be authorized to administer drugs or medicines.

"Any person applying for a license to practice Osteopathy shall first file with the Treasurer a certified copy of such diploma and satisfactory evidence that the applicant is a fit and proper person to be so licensed to practice Osteopathy, and file with the President of the Board of Health a certificate from the Board of Osteopathic Examiners of the State of California, certifying that the applicant has passed the required examination, and is entitled to practice Osteopathy in that State.

"No license shall be granted under the provisions of this Section unless the applicant shall pay an annual fee of Ten Dollars."

Counsel for the Territory claims that, under the statutory rule of construction that when words of a law are dubious every construction which leads to an absurdity should be rejected, (R. L. Sec. 13), the last part of the amending section reading: "No license shall be granted under the provisions of this section unless the applicant shall pay an annual fee of $10," should be held by this court to mean that all persons holding licenses should pay an annual fee or tax of $10. But before this rule of construction can be invoked the words must be dubious. See Lewis' Sutherland Stat. Con. Sec. 367. In this case they are not either dubious or ambiguous. Because the amending act may be invalid if meaning what it says does not make the words of the act either dubious or ambiguous. Consequently, there is no reason to apply the statutory rule of construction referred to.

The Legislature has said in plain and unmistakable words that any one getting a license under the amending act shall pay an annual fee of $10, and has failed to provide that those who held licenses prior to the enactment of the amending act should be treated in the same manner. It will be seen that only the first paragraph of Section 1068 was sought to be amended, leaving in force by the second paragraph all licenses issued prior to June 8, 1896. And even if the amending section were

treated as running from the time of the original enactment, namely June 8, 1896, still those licenses then in existence and issued prior to that date would not be affected by the requirement of an annual fee of $10. Thus, there is a discrimination between the holders of licenses under the amending act and the holders of licenses issued prior thereto. Therefore, it is clear that that portion of the amending act providing that "no licenses shall be granted under the provisions of this section unless the applicant shall pay an annual fee of $10" is invalid and void.

It is unnecessary to pass upon any of the other questions argued.

The appeal is sustained, the judgment of the district court reversed and the defendant discharged.

*M. F. Prosser, Deputy Attorney General,* for the Territory.

*C. F. Clemons, (Thompson & Clemons* on the brief,) for defendant.